UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
GEORGE GRIFFITHS, *et al.*,      :
                                                :    CASE NO. 1:09-cv-1011
          Plaintiffs,               :
                                                :
vs.                                           :    OPINION & ORDER
                                                :    [Resolving Doc. No. 32]
OHIO FARMERS INS. CO., *et al.*, :
                                                :
          Defendants.             :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this employee benefits case, the Defendants move this Court for leave to file their motion for summary judgment and supporting documents under seal. [Doc. 32.] Although this Court previously entered the parties' Stipulated Protective Order, [Doc. 29], it declines to extend that order and permit the Defendants to file under seal: "their Motion for Summary Judgment, Memorandum of Law in Support of Their Motion for Summary Judgment, Reply Brief, Opposition to Plaintiffs' Motion for Summary Judgment, and all Exhibits and Declarations attached to said documents." [Doc. 32 at 2.]

This Court operates as a public forum, not as a private dispute resolution service. *United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987). Thus, in deciding whether to allow civil litigants to file records under seal, the Court must consider "the rights of the public, an absent third party" to which it ultimately is accountable. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir.

Case No. 1:09-cv-1011
Gwin, J.

1985).

Accordingly, to prevail on a request to seal information in a court's records, the movant must make a specific showing that disclosure of the information would result in serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001).; *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Fed. Trade Comm'n v. Standard Mgt. Corp.*, 830 F.2d 404, 412(1st Cir. 1987); *Brown & Williamson*, 710 F.2d at 1180.

Despite this required showing, the Defendants in this case have submitted an overbroad and wholly unspecific motion. Although listing some documents "without limitation," the Defendants provide no reason why disclosure of any of these materials would result in "serious competitive or financial harm." Thus, the Defendants have failed to carry their burden.

Accordingly, the Court **DENIES** the Defendants' motion for leave to file documents under seal.

IT IS SO ORDERED.

Dated: January 20, 2010          s/ *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE