UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
GEORGE GRIFFITHS, *et al.*,                     :
                                                :   CASE NO. 1:09-CV-1011
            Plaintiffs,                         :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. No. 59]
OHIO FARMERS INS. CO., *et al.*,                :
                                                :
            Defendants.                         :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Ohio Farmers Insurance Co. ("Ohio Farmers") move this Court to quash a subpoena to appear and testify directed to Bambi A. Burkhart Beshire. [Doc. 59.] Ms. Beshire is the Group Finance and Accounting Leader for Defendants. Plaintiffs George Griffiths and Betty Collett, on behalf of a class of individuals who retired from Ohio Farmers under a 1999 Special Retirement Benefit, oppose the motion. [Doc. 61.]

For the following reasons, this Court **DENIES** the Defendants' Motion to Quash Plaintiffs' Subpoena to Appear and Testify At Trial In a Civil Action Served Upon Bambi A. Burkhart Beshire.

**I. Legal Standards**

The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Laethem Equip. Co. v. Deere and Co.*, 2007 WL 2873981, at *4 (E.D. Mich. 2007) (internal

-1-

Case No. 1:09-CV-1011
Gwin, J.

quotation omitted). Rule 45 of the Federal Rules of Civil Procedure governs quashing subpoenas. Fed. R. Civ. P. 45. A court must quash a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden. *Id*. at (c)(3)(A)(i)-(iv). A court may quash a subpoena that requires a person subject to or affected by the subpoena to disclose a trade secret or other confidential research, development, or commercial information. *Id*. at (c)(3)(B)(i).

The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena, *id*. at (c)(1), but "[t]he movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure." *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008). In evaluating a motion to quash, the court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Id*. (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55. 66 (1st Cir.2003)). "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Id*. (internal quotations and citation omitted). It is within the court's discretion to quash a subpoena where the testimony or information sought is irrelevant. *Cf. Wilson v. Hill*, 2010 WL 749918, *3 (S.D. Ohio Feb. 22, 2010) (quashing subpoena to produce documents not relevant to claim presented).

Case No. 1:09-CV-1011
Gwin, J.

## II. Discussion

Ohio Farmers argues the subpoena directed toward Beshire, the Group Finance and Accounting Leader for Ohio Farmers, should be quashed because the subject matter of Beshire's testimony is irrelevant or moot as to Plaintiffs' sole remaining claim for breach of fiduciary duty, and because Beshire has no knowledge or information with regard to the execution date of the Profit Sharing Plan or the April 29, 1999 Towers Perrin presentation. [Doc. 59 at 3.] Responding, the Plaintiffs say Beshire's testimony is necessary to establish that Defendants, as fiduciaries, negligently or intentionally made a material misrepresentation about the 1999 Special Retiree Benefits Program. [Doc. 61 at 1.] Plaintiffs suggest they will use Beshire's testimony to show: "(1) the misrepresentations were . . . vetted by fiduciaries at the highest level; and (2) these fiduciaries collectively agreed to disseminate the misleading newsletters . . . ." [*Id*. at 2.]

To establish their claim for breach of fiduciary duty based on the alleged negligent or intentional misrepresentations about the Profit Sharing and Life Insurance plans, Plaintiffs must show: (1) that Ohio Farmers was acting in a fiduciary capacity when it made the challenged representations; (2) that these representations constituted material misrepresentations; and (3) that the class members reasonably relied on those misrepresentations to their detriment. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 432-33 (6th Cir. 2006).

Because Plaintiffs intend to use Beshire's testimony to establish a necessary element of their claim, this Court finds the instant subpoena does not violate Federal Rule of Civil Procedure 45. At trial, Plaintiffs must show that Defendants negligently or intentionally made the alleged misrepresentation. Consequently, Plaintiffs' subpoena directed toward Beshire, whose testimony may support such a finding, is not unreasonable, oppressive, annoying, or

Case No. 1:09-CV-1011
Gwin, J.

embarrassing to Defendants. Defendants may, of course, object to questions directed to Beshire during her testimony that are not relevant.  Accordingly, Ohio Farmers' motion to quash will be denied.

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Defendants' motion to quash Plaintiffs' subpoena served upon Bambi A. Burkhart Beshire.

IT IS SO ORDERED.

Dated: June 29, 2010               s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE