UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

GEORGE GRIFFITHS, *et al.*,

        Plaintiffs,

vs.

OHIO FARMERS INS. CO., *et al.,*

        Defendants.

------------------------------------------------------

CASE NO. 1:09-CV-1011

OPINION & ORDER
[Resolving Doc. No. 60]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Ohio Farmers Insurance Co. ("Ohio Farmers") move this Court to quash a subpoena to appear and testify directed to non-party Martin Friedman of Towers Watson. [Doc. 60.] Plaintiffs George Griffiths and Betty Collett, on behalf of a class of individuals who retired from Ohio Farmers under a 1999 Special Retirement Benefit, oppose the motion. [Doc. 62.] Towers Watson assisted Ohio Farmers in its preparation of company newsletters distributed to all employees in May, June, and September 1999. [Doc. 60 at 2].

For the following reasons, this Court **DENIES** the Defendants' Motion to Quash Plaintiffs' Subpoena of Martin Friedman of Towers Watson.

**I. Legal Standards**

Rule 45 of the Federal Rules of Civil Procedure governs quashing subpoenas. Fed. R. Civ. P. 45. Federal courts must inquire into the threshold issue of standing before deciding the

-1-

Case No. 1:09-CV-1011
Gwin, J.

merits of a party's challenge to a subpoena.  The Sixth Circuit explained "[o]rdinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Mann v. University of Cincinnati*, 114 F.3d 1188 (Table), 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)); *see also Donahoo v. Ohio Dept. Of Youth Services*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty.").  Instead, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." *J.B. Hunt Transport, Inc. v. Adams*, 2007 WL 789042, at *2 (E.D. Mich. March 14, 2007) (citations omitted).

A court must quash a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden.  Fed R. Civ. P. 45(c)(3)(A)(i)-(iv).  The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena, *id*. at (c)(1), but "[t]he movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure." *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008).

In evaluating a motion to quash, the court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Id*. (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55. 66

-2-

Case No. 1:09-CV-1011
Gwin, J.

(1st Cir.2003)). "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Id*. (internal quotations and citation omitted). It is within the court's discretion to quash a subpoena where the testimony or information sought is irrelevant. *Cf. Wilson v. Hill*, 2010 WL 749918, *3 (S.D. Ohio Feb. 22, 2010) (quashing subpoena to produce documents not relevant to claim presented).

## II. Discussion

Ohio Farmers argues the subpoena directed toward non-party Friedman should be quashed because Friedman testified at deposition that he has no knowledge or information with regard to the subject matter of this case. [Doc. 60 at 5.] Relying on the "undue burden" prong of Federal Rule of Civil Procedure 45(c)(3)(A)(iv), Ohio Farmers says that Plaintiffs' examination of Friedman is irrelevant to Plaintiffs' sole surviving claim for breach of fiduciary duty and is an undue burden on Friedman. [Doc. 60 at 5.] In opposition, Plaintiffs argue that Friedman helped prepare the newsletters that are central to this case and Friedman's testimony would be very relevant. [Doc. 62 at 1.] Neither Defendants nor Plaintiffs address the issue of Defendants' standing to challenge the subpoena.

Because Ohio Farmers does not assert a personal right or privilege with regard to Friedman's testimony, Ohio Farmers does not have standing to challenge the subpoena directed toward non-party Martin Friedman of Towers Watson. *Compare Donahoo*, 211 F.R.D. at 306 (defendant lacked standing to challenge subpoenas served upon three non-party witnesses even after the court found a violation of Rule 45 in the subpoenas) *with Mann*, 1997 WL at *4 (plaintiff had standing to challenge a subpoena of her medical records).

-3-

Case No. 1:09-CV-1011
Gwin, J.

Without addressing the merits of Ohio Farmers' arguments, this Court finds that Ohio Farmers lacks standing to move to quash the Plaintiffs' subpoena.  Friedman himself has not objected to the subpoena nor moved to quash it and he is the only party with standing to oppose it.  *See J.B. Hunt*, 2007 WL at *2.  Accordingly, Ohio Farmers' motion to quash will be denied.

Alternatively, it is highly doubtful Friedman himself could quash the instant subpoena. Plaintiffs say Friedman's testimony is crucial to establish Ohio Farmers' negligent or intentional breach of a fiduciary duty.  Moreover, Ohio Farmers does not assert on behalf of Friedman inadequate time to prepare, travel of more than 100 miles, disclosure of privileged material, or any other undue burden. The Court finds it unlikely these or any additional grounds to quash exist. Defendants may, of course, object to irrelevant questions directed to Friedman during his testimony. Succinctly, because Friedman's testimony is relevant, non-privileged, and sought for good cause, it is unlikely a party with standing could successfully quash a subpoena directed to Friedman.

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Defendants' motion to quash Plaintiffs' subpoena to Martin Friedman of Towers Watson.

IT IS SO ORDERED.

Dated: June 29, 2010                              s/     *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE