UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
GEORGE GRIFFITHS, *et al.*, :
: CASE NO. 1:09-CV-1011
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 69]
OHIO FARMERS INS. CO., *et al.,* :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Non-party Towers Watson & Company ("Towers Watson") moves this Court to quash a subpoena to appear and testify directed to its employee Martin Friedman. [Doc. 69.] Towers Watson assisted Ohio Farmers in its preparation of company newsletters distributed to all employees in May, June, and September 1999. [Doc. 69 at 3.]

For the following reasons, the Court **DENIES** Towers Watson's Motion to Quash Plaintiffs' Subpoena Served Upon Martin Friedman of Towers Watson.

**I. Legal Standards**

Rule 45 of the Federal Rules of Civil Procedure governs quashing subpoenas. Fed. R. Civ. P. 45. A court must quash a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue

-1-

Case No. 1:09-CV-1011
Gwin, J.

burden. *Id*. at (c)(3)(A)(i)-(iv). A court may quash a subpoena that requires a person subject to or affected by the subpoena to disclose a trade secret or other confidential research, development, or commercial information. *Id*. at (c)(3)(B)(i).

The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena, *id*. at (c)(1), but "[t]he movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure." *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008). In evaluating a motion to quash, the court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Id*. (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55. 66 (1st Cir.2003)). "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Id*. (internal quotations and citation omitted).

## II. Discussion

Towers Watson argues the Friedman subpoena should be quashed because Friedman testified at deposition that he has no knowledge or information with regard to the subject matter of this case. [Doc. 69 at 3.] Relying on the "undue burden" prong of Federal Rule of Civil Procedure 45(c)(3)(A)(iv), Towers Watson says that Plaintiffs' subpoena commanding Friedman to testify, scheduled for a two-week standby period, regarding information he has no knowledge of, is an undue burden. [Doc. 69 at 5.] Towers Watson also says the documents requested

Case No. 1:09-CV-1011
Gwin, J.

"contain[] confidential and protected information." [Doc. 69 at 4.] In opposition, Plaintiffs argue that Friedman helped prepare the newsletters that are central to this case and Friedman's testimony would be very relevant. [Doc. 62 at 1.]

Because Friedman's testimony is relevant, non-privileged, and sought for good cause, Towers Watson's motion to quash will be denied. Towers Watson's blanket assertion of privilege is unavailing. *See* Fed. R. Civ. P. 45(d)(2)(A) (party claiming a privilege must expressly make the claim and describe the nature of the withheld documents to enable the parties to assess the claim). Plaintiffs say Friedman's testimony is crucial to establish Ohio Farmers' negligent or intentional breach of a fiduciary duty. Moreover, Towers Watson does not assert on behalf of Friedman inadequate time to prepare for this testimony, travel of more than 100 miles, or any other undue burden. Consequently, Friedman must appear.

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Towers Watson's Motion to Quash Plaintiffs' Subpoena Served Upon Martin Friedman of Towers Watson.

IT IS SO ORDERED.

Dated: July 2, 2010             s/     *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

-3-