UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
GEORGE GRIFFITHS, *et al.*,                     :
                                                :   CASE NO. 1:09-CV-1011
             Plaintiffs,                        :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. Nos. 70 & 76]
OHIO FARMERS INS. CO., *et al.,*                :
                                                :
             Defendants.                        :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants, Ohio Farmers Insurance Company, Westfield Earnings Bonus Plan, The Ohio Farmers Insurance Company Group Life Insurance Plan, Ohio Farmers Insurance Company Employee Benefits Administrative Committee, John Doe 1-10 (Trustees of Westfield Earnings Bonus Plan and Ohio Farmers Insurance Company Group Life Insurance Plan), and Jane Doe 1-10 (Members of Ohio Farmers Insurance Company Benefits Administrative Committee) (collectively, "Ohio Farmers"), move this Court to stay all proceedings pending their appeal to the Sixth Circuit Court of Appeals of this Court's June 23, 2010 Opinion and Order granting Plaintiffs' Motion for Class Certification. [Doc. 64.]

Plaintiffs George Griffiths and Betty Collett, on behalf of a class of individuals who retired from Ohio Farmers under a 1999 Special Retirement Benefit, request an Order compelling Defendants to provide information as to the identity and last known address of all potential 1999

Case No. 1:09-CV-1011
Gwin, J.

Special Retirement Benefit Class Members. [Doc. 77.] Ohio Farmers, relying on its pending motion to stay, refuses to provide Plaintiffs with the information. [Doc. 77-5.]

For the following reasons, this Court **DENIES** the Defendants' Motion to Stay and **ORDERS** Defendants to provide Plaintiffs with information as to the identity and last known address of all potential 1999 Special Retirement Benefit Class Members.

### I. Discussion

### A. Stay of Proceedings Pending Appeal

Ohio Farmers asks this Court to stay all proceedings in this Court pending the Sixth Circuit's resolution of its appeal. Rule 23(f) of the Federal Rules of Civil Procedure governs the stay of proceedings pending appeal of an order granting or denying class certification:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f). "Although Rule 23(f) gives district courts the power to stay proceedings, it does not specify the factors the Court should consider to determine whether a stay is appropriate." *Beattie v. CenturyTel, Inc.*, 2006 WL 1722207, at *2 (E.D. Mich. June 20, 2006).

In this context, courts in the Sixth Circuit generally apply the four-factor balancing test used to evaluate requests for preliminary injunctive relief. *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 552 (6th Cir. 2004) (holding the "factors to be considered in determining whether an order should be stayed are the same factors considered in determining whether to issue a temporary restraining order [or] a preliminary injunction"); *Jenkins v. Hyundai Motor Fin. Co.*, 2008 WL 2268319, at *1 (S.D. Ohio June 2, 2008) (applying the same

Case No. 1:09-CV-1011
Gwin, J.

four-factor analysis). Courts balance, with flexibility, whether: (1) the movant is likely to succeed on the merits; (2) the movant will be irreparably harmed without a stay; (3) the issuance of a stay will cause substantial harm to other parties; and (4) the public interest would be served by the issuance of the stay. *Jenkins*, 2008 WL at *1 (citations omitted).

Courts enjoy discretion in applying these four factors and the four factors are not prerequisites or elements that must be met, but are "interrelated considerations that must be balanced together." *Id.* (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). For example, the movant "must demonstrate a likelihood of success on the merits to a degree that is inversely proportional to the amount of irreparable harm that will be suffered . . . ." *Beattie*, 2006 WL at *3 (quoting *Family Trust Foundation of Kentucky, Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir.2004).

First, Ohio Farmers is not likely to prevail on appeal. This Court's order granting class certification is "subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion." *Jenkins*, 2008 WL at *2. Morever, this Court conducted a rigorous analysis before granting class certification and Defendants' attempt to reargue the merits in its motion to stay is unavailing, [Doc 71-1 at 2]. *See, e.g.*, *Jenkins*, 2008 WL at *2 (where district court denied movant's claim that it had failed to conduct a rigorous analysis of the class certification); *Beattie*, 2006 WL at *4 (where, even after circuit court granted appeal, district court determined its class certification decision was not likely to be reversed on appeal). Thus, Ohio Farmers fails to show a substantial likelihood of success on the merits.

Second, Ohio Farmers has not shown a threat of irreparable injury absent a stay. Ohio Farmers says that if the Sixth Circuit were to reverse, its efforts to prepare and litigate the case as

-3-

Case No. 1:09-CV-1011
Gwin, J.

a class action would be a significant and unnecessary expenditure of its time and resources. Although difficult to predict with complete accuracy, the evidence offered to establish the class claims mirrors the evidence the name plaintiffs will offer. And even if significant additional discovery was a potential, that potential injury is not irreparable, as the potential extra costs here are unlikely to rise to the level of irreparable harm. *See Beattie*, 2006 WL at *6 (movant's assertion it would take up to 800 hours or more to make accessible raw data needed for discovery was not an irreparable injury).

Ohio Farmers also says it will suffer irreparable harm because class certification is the death knell of its case–that is, class certification will effectively terminate the litigation because it will force Ohio Farmers to settle the case rather than risk trial. While in some cases this may produce irreparable harm, *see id.* at 7 (recognizing death knell's influence on the irreparable harm factor but finding it obviated by the Sixth Circuit's grant of appeal), this is not such a case. In this case, Ohio Farmers says it will be "forced" to settle rather than incur the costs defending the class action and risk significant liability and harm to its reputation. First, each class plaintiff lost significant money when Ohio Farmers unilaterally cut their profit sharing and life insurance benefits. More likely, each of those class members may file their own claim. Ohio Farmers faces the same risk every defendant to a class action faces and the same risk each class plaintiff faces. Were these concerns enough to signal the death knell of a defendant's case, stays would become automatic.

Third, a stay would inconvenience the other parties to this action by holding up the litigation and postponing a final resolution. Delaying discovery or the start of a trial can harm the non-moving party, especially when it is unclear if and when appellate review will be granted. *Compare Beattie*, 2006 WL at *8 (denying stay where Sixth Circuit had agreed to hear the case, but unclear when the

-4-

Case No. 1:09-CV-1011
Gwin, J.

court of appeals would issue its decision) *with In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1 (D.D.C. 2002) (granting stay where class-certification issue had already been argued to the Second Circuit). Defendants' guess that the Sixth Circuit will rule on its motion in three to six months seems obviously wrong. In fact, in 2009 the Sixth Circuit's median time from filing notice of appeal to disposition was 14.7 months. Federal Court Management Statistics 2009, Courts of Appeals – Sixth Circuit, *available at* http://www.uscourts.gov/cgi-bin/cmsa2009.pl (Sixth Circuit in drop-down menu then continue to Show Page Two). Moreover, Ohio Farmers cannot be sure the Sixth Circuit will hear its appeal. Thus, this factor does not support Defendants' motion to stay.

Finally, the public interest does not favor a stay. Ohio Farmers says that a stay would prevent waste and avoid confusing class members with contradictory notice if the Sixth Circuit reverses the class certification. A district court may stay the dissemination of class notice to avoid confusion and the expense of renotification. *See Jenkins*, 2008 WL at *4 (denying motion to stay with the exception of the actual publication and mailing of the class notice to between 500 and 1200 class members) (citing Manual for Complex Litigation § 21.28, at 284). Here, however, Plaintiffs have already sent notice to members of the class. [Doc. 77 at 2.] On balance, this factor is at best neutral to Defendants.

Thus, because Ohio Farmers is unlikely to prevail on appeal or be irreparably harmed absent a stay, because a stay will harm the other parties, and because the public interest does not favor a stay, this court DENIES a stay pending appeal of its class certification order.

### B. Discovery Request

Plaintiffs say Defendants have necessary information as to the identity and last known address of all potential 1999 Special Retirement Benefit Class Members. [Doc. 77 at 1.] Ohio

Case No. 1:09-CV-1011
Gwin, J.

Farmers, relying on its pending motion to stay, refuses to provide Plaintiffs with the information. [Doc. 77-5.] Because this Court has denied Defendants' motion to stay, and Defendants present no other reason discovery should not be granted, this court GRANTS Plaintiffs' discovery request.

## II. Conclusion

For the foregoing reasons, this Court **DENIES** Ohio Farmers' Motion to Stay and **ORDERS** Defendants to provide Plaintiffs with information as to the identity and last known address of all potential 1999 Special Retirement Benefit Class Members.

IT IS SO ORDERED.


Dated: July 12, 2010　　　　　　　　　　　s/　　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE